IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **David Goodykoontz,** | Case No. 1:25 cv 1724 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **State of Ohio,** *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| **Defendant.** | |

### Background

*Pro se* Plaintiff David Goodykoontz, an Ohio inmate, has filed a federal prisoner civil rights complaint in this case against the State of Ohio, Cuyahoga County, MetroHealth, and four "unknown" Defendants.  He states he sues Defendants "for damages for discrimination and deliberate indifference to [his] serious medical need, or similar."  (Doc. No. 1 at 6, ¶1.)

His complaint fails to set forth clear specific factual allegations underlying his claims and with respect to each Defendant.  The basis for his complaint is that "Defendants" failed to properly treat him for Tourettes while incarcerated in Ohio and prescribed him antidepressant medication (including SSRIs and Wellbutrin) that was either ineffective or led to or exacerbated his Tourettes.  (*See id*. at 6-7.)  He complains that "Defendants refused to take [him] off the SSRIs and put him on another type of antidepressant and refused to give him any treatment for his verbal and physical tics."  (*Id.* at 7.)  In addition, he states he sues "Unknown Defendant 4, the Warden of the Lorain Correctional Institution . . . for failing to allow [him] to go into PC, where plaintiff is a federal agent," and that he "has extensive damages from such refusal."  (*Id.* at 7, ¶2.)

**Standard of Review**

Because Plaintiff is proceeding *in forma pauperis* and seeks redress from governmental defendants, his complaint is subject to review under 28 U.S.C. §§ 1915(e) and 1915A. Those statutes require the Court to review his complaint, and to dismiss it before service if the Court determines that it is frivolous or malicious, fails to state a claim upon which he may be granted relief, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a *pro se* "'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §§ 1915(e) and 1915A).

**Discussion**

Upon review, the Court finds that Plaintiff's complaint must be dismissed pursuant to §§ 1915(e) and 1915A.

Failure to provide adequate medical treatment to a prisoner violates the Eighth Amendment's prohibition against cruel and unusual punishment only when it results from "deliberate indifference" to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a constitutional Eighth Amendment deliberate indifference claim, a prisoner must demonstrate both objective and subjective components. He must demonstrate that he had a medical condition that posed a "substantial risk of serious harm" to him (the objective component), *and*, that a defendant prison official acted with deliberate indifference to that risk (the subjective component). *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference is characterized by obduracy or

2

wantonness – it cannot be predicated on negligence, inadvertence, or good faith error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012). Thus, to prove the subjective component of a claim, "a plaintiff must show that [a prison] official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010). It is well-established that allegations of medical malpractice or negligent diagnosis and treatment fail to state a constitutional deliberate indifference claim. *Jennings v. Al-Dabagh*, 97 Fed. App'x 548, 549-50 (6th Cir. 2004).

Here, even assuming Plaintiff's allegations are sufficient to demonstrate he had an objectively serious medical need, his allegations are insufficient to support a plausible inference that any Defendant prison employee or official had the subjective state of mind with respect to his care required to demonstrate constitutional "deliberate indifference." Further, it is clear from Plaintiff's pleading that he has been provided medical care but contends the treatment he has been provided is inadequate, even harmful to him, and that he has been prescribed inappropriate antidepressant medications. But where, as here, a prisoner has received some medical care or treatment, and the dispute is over the adequacy of such treatment, "federal courts are generally reluctant to second guess medical judgments" unless the medical treatment provided is "so woefully inadequate as to amount to no treatment at all." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Plaintiff's allegations do not support a plausible finding that the care he has been provided is "so woefully inadequate as to amount to no treatment at all." Accordingly, Plaintiff's complaint fails to state a plausible federal constitutional claim for "deliberate indifference" against any Defendant with respect

to his medical care (even assuming his allegations may be sufficient to support a claim for negligence or medical malpractice under state tort law).

Plaintiff's complaint also fails to state any other plausible federal claim upon which he may be granted relief. To the extent he alleges unlawful "discrimination" or that the Warden of the Lorain Correctional Institution is liable to him "for failing to allow [him] to go into PC," his allegations are purely conclusory and fail to meet basic pleading requirements necessary to state a claim in federal claim. *Pro se* pleadings are entitled to liberal construction, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), but such principles are not without limits. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to "conjure allegations" or create claims on their behalf. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). *See also Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (in the context of a civil rights claim, conclusory allegations of unconstitutional conduct are insufficient to state a claim).

## Conclusion

Accordingly, for the foregoing reasons, Plaintiff's complaint is dismissed for failure to state a plausible claim upon which he may be granted relief in accordance with 28 U.S.C. §§ 1915(e) and 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: December 10, 2025

s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE